UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>RUFUS HOWELL | No. 3:17-cr-151 (SRU) |

### RULING ON MOTION FOR COMPASSIONATE RELEASE

Rufus Howell, currently confined in Danbury FCI, filed a third motion for compassionate release pursuant to the First Step Act. *See* Doc. No. 131. Howell principally contends that, since I denied his two prior motions for release, his chronic kidney disease has significantly worsened and the BOP has failed to provide adequate medical treatment. Those conditions, Howell asserts, constitute "extraordinary and compelling" reasons warranting a sentence reduction to time served under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i).

The government opposes the motion, arguing, *inter alia*, that: (1) Howell has been receiving appropriate treatment for his chronic kidney disease and that, even if not, Howell can request re-designation to another prison with advanced medical facilities, and (2) reducing Howell's sentence would not comport with the 18 U.S.C. § 3553(a) factors in light of his offense and criminal history, which includes criminal activity while on supervised release.

For the reasons that follow, Howell's motion for release is **denied**.

### I.    Standard of Release

The compassionate release statute, 18 U.S.C. § 3582, as amended by the First Step Act ("FSA") of 2018, authorizes sentencing courts to reduce a term of imprisonment if, after considering the applicable factors set forth in section 3553(a), it concludes that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden of proving that he or she is entitled to a sentence reduction. *United States v. Morales*, 2020 WL 2097630, at *2 (D. Conn. May 1, 2020) (internal citations omitted).

Unlike prior versions of the statute, which vested the exclusive authority to bring a motion for compassionate release with the Director of the BOP, section 3582(c)(1)(A) now permits imprisoned individuals to petition the courts for sentence reductions, even if the BOP opposes the request. *See United States v. Brooker*, 976 F.3d 228, 231–33 (2d Cir. 2020). The statute specifically instructs that a court may reduce a sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

As the Second Circuit announced in *Brooker*, district courts evaluating First Step Act motions brought directly by defendants are not bound by U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, which addresses only motions for relief brought by the Director of the BOP. *See Brooker*, 976 F.3d at 230, 235–37 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."). Instead, the *Brooker* Court concluded, the First Step Act authorizes courts to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." *Id*. at 237.

**II.     Discussion**

Howell's third motion for compassionate release is without merit. First, the BOP's alleged failure to provide him with appropriate medical care for his Stage III chronic kidney disease does not, in my view, qualify as an extraordinary and compelling reason warranting a sentence reduction. Instead, damages or other injunctive relief appears to be the more appropriate kind of relief to which Howell may be entitled for any such medical omissions; those types of relief are available in a civil suit.

Second, Howell's argument that his increased vulnerability to serious illness from COVID-19 merits a sentence reduction lacks persuasive force. Howell received the first dose of the Moderna vaccine on April 21, 2021 and should now be fully vaccinated against COVID-19, assuming he received his second dose one month thereafter. His risk of serious illness from COVID-19 is, therefore, substantially minimized. *See United States v. Gonzalez*, 2021 WL 1990041, at *3 (D. Conn. Apr. 23, 2021) (holding that extraordinary and compelling circumstances did not exist because the petitioner's vaccination mitigated his risk of severe illness from COVID-19); *United States v. Poupart*, 2021 WL 917067, at *1–*2 (D. Conn. Mar. 10, 2021) (identifying no extraordinary and compelling reasons when the defendant received at least one dose of the COVID-19 vaccine). As a result, Howell's underlying health conditions do not constitute extraordinary and compelling circumstances warranting a sentence modification.

Third, even if Howell could establish extraordinary and compelling circumstances, I conclude that he would pose a danger to the safety of others notwithstanding his new proposed release plan to a halfway house, principally because he committed a serious crime and has a lengthy criminal history that includes criminal activity while on supervised release. Further, for the reasons articulated in my May 12, 2020 and September 16, 2020 orders, the factors set forth

in 18 U.S.C. § 3553(a) also counsel against a sentence reduction. *See* Doc. No. 115, at 7–8; Doc. No. 126, at 5–6.

### III.  Conclusion

For the reasons set forth, Howell's motion for a sentence reduction is **denied**. In addition, the motions to seal (doc. nos. 132, 136, 140) are **granted**.

IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 11th day of June 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge