United States District Court
for the District of Connecticut

Oct 19, 2021

United States of America
(Government)

v.

Rufus Howell #16633-014
(Pro Se')

Case # 3:17-cr-00151(sru)

OCT 26 2021 AM10:44
FILED - USDC - BPT - CT

: Motion to be granted Certificate of Appealability "C.O.A" in lieu of 2255

The Honorable Stefan R. Underhill

Your Honor,

I am seeking the opportunity at being granted a "C.O.A" in the above aforementioned instance; and case number. As it is apparent to the courts and his honor I am filing this under pro se' guise. Proper verbiage and or languages commonly used in court settings; please excuse as I lack in experience the essentials needed to be my own lawyer/representative.

My case was adjudicated January 3, 2019 in your courtroom. Since sentencing has taken place and I have been sent to prison I have had many opportunities to review any and all documents pertaining to and surrounding these instances.

Upon review it is apparent beyond any

shadow of a doubt my then representing attorney one Mr. Cerritelli did not cognizantly perform in his best abilities throughout my proceedings; henceforth rendering himself ineffective. Moreover Mr. Cerritelli allowed my 14TH amendment to be violated. Throughout my disposition phase irrevokeable purposeful errors were made by the government and the work provided them via the detectives involved.

Particularly of note on June 21, 2017 a criminal complaint was filed. In these specific documents; noted in the probable cause and summary of investigation section. Alex Estrella (special agent) falsefied government documents specifically nameing 40 grams of a white powdery substance; after a field test was done concluded it was Cocaine. Special agent Alex Estrella through sworn statement states he discovered alledged 40 grams of cocaine while conducting a search on a older model orange infiniti Suv I was driving, he ascertains that after conducting a field test on this powdery substance it was determined that said substance was cocaine. This information was a falsehood, and used to enhance possible leverage in prosecution phase. The government would then take this erroneous information to the grand jury pursuant to exacting criminal charges. What should be

highlighted is the alledged 40 grams were never field tested. This beckons the reason and or ideal, how could I be charged with 40 odd grams of cocaine when the determining factor(s) surrounding its existance never took place. This is a plain error. This error was a determining element in which led to my being indicted to begin with. My attorney Mr. Cerritelli missed this. My 14TH amendment was in fact violated. It is of strong belief that had this been brought out in the pre-sentencing phase a more favorable outcome would have ensued. Moreover I am compelled due to newly discovered evidence to grant in this instance a "C.O.A" please see Slack v McDaniel 529 U.S 473, 484, 120 S. Ct 1595 (2000)

    For the above reason(s) I am humbly submitting this motion to your Courts.

Humbly Submitted

x [signature] #16633-014

10-19-2021