October 2021

Re: Docket # 21-1509/DC Docket # 3:17-CR-151-1

To whom it may concern,

My name is Rufus A Howell #16633-014, I currently in court appealing a Compassionate Release Motion that was denied by Judge Underhill, my sentencing judge. As it stands, I am waiting for next step in this process. The purpose of my correspondence is in the matter of my 14th Amendment Rights being violated. Please bear with me as a give a brief synopsis of how my 14th Amendment was violated.

On June 21, 2017, I was pulled over by an Officer and Detectives of the Hartford Police Department; in which I was arrested for being in possession of 40 grams of Cocaine, 14 grams of Heroin and possession of a Firearm. At the time I was questioned about the drugs and firearm, I informed the Detectives that the drugs that they claimed to have found on June 21, 2017 was not Heroin or Cocaine; but instead was a powdered substance that is used for tattoo ink. In addition, I explained that I was not aware of any weapon and had no idea it was where they claimed to have found it. Despite my statement, I was arrested and given bond.

One week later I posted bail for the charges that I was arrested for. A week after I posted bail from the State, I was arrested again for a Criminal Complaint Warrant for 21 U.S.C; 841 (a)(1) and (b)(1)(c) Possession with intent to Distribute and Distribution of a control substance to wit Heroin and Cocaine.; and 18 U.S.C 922(q)(1) Unlawful Possession of a Firearm by a felon. In the Criminal Complaint Affidavit, signed Alex Estrella, Special Duty U.S Marshalls on page 5, He states, "and a plastic bag containing approximately 40 grams of a white powdery substance which field tested positive for cocaine.

On July 19, 2017, The Grand Jury indicted me for the following charges:

Count One: Unlawful Possession of a Firearm by a convicted felon

Count Two: Possession with Intent to Distribute Cocaine

Count Three: Possession with Intent to Distribute Heroin

Count Four: Possession of a Firearm in furtherance of a Drug Trafficking Crime

On January 12, 2018, I was released on a bond. 3-4 months after being release on bond, my lawyer informed me that the 40 grams of Cocaine that I initially was charged with had been dropped. Apparently, the reason was because the white powdery substance that they tested was not Cocaine but an unknown powder substance. The Prosecution reported that I was in possession of an illegal substance; when in reality I was not. I was in possession of white powdery substance; which I initially explained was powder used for tattoo ink.

At the time of my indictment, I was not aware of what I am aware of today, which is the prosecution brought tainted evidence to the Grand Jury and based on the tainted evidence that was presented to the Grand Jury, anything gained from it was tainted as well. The evidence used at the trail would clearly be Fruit of a poisonous tree which violates my 14th Amendment.

If the Grand Jury was not lead to believe that I was in Possession of Cocaine then the Grand Jury would had never indicted me for Possession of Cocaine and my sentence would not have reflected the possession. The evidence that was gathered and reported violated my constitution rights because it was false information. The false evidence that was provided was used to show that a crime was committed. I was sentenced based off of a crime that was "not committed". Based on this discrepancy, I should be given a fair and just sentencing hearing which considers "only" the charges that were not dropped.

If the Detective would have not reported that I had 40 grams of Cocaine to the Grand Jury or the matter to the State; would have I been indicted? The Defective's false statement not only cost me my freedom but posed a financial hardship on my family when they bonded me out. I know that my 14th Amendment was violated however I am not sure how prove that my rights were infringed upon. I am not a lawyer; nor am I capable of getting one on my own. As it stands I am fighting for my freedom in Appeal Court and my health is declining due to being diagnosed with Chronic Kidney Disease Stage 3.

If you can or are willing to help me I would greatly appreciate it. Thanks so much for your assistance in advance.

Sincerely,

Rufus A Howell          *Rufus Howell*

(God Bless you......)          *h. H*

CC:

New York's Clerks Office

Honorable Judge Debra Ann Livingston

Catherine O'Hagan Wolfe

Sandra Slack Glover

Bridgeport's Clerk Office

Honorable Judge Underhill

US Court Appeal for Second Circuit


Enclosed: Exhibit A and Indictment (Unites States of America vs Rufus Howell)

# EXHIBIT A
## (Filed Under Seal)

Copy All And Send

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA :

vs. : CRIMINAL NO. 3:17-cr-00151(SRU)

RUFUS HOWELL : March 12, 2021

**RESPONSE TO GOVERNMENT'S
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MR. HOWELL'S
THIRD MOTION FOR SENTENCE REDUCTION**

Mr. Howell respectfully submits this response to the government's Supplemental Memorandum in Opposition to Defendant's Third Motion for Compassionate Release (Doc. # 138).

The government argues that the Court should deny Mr. Howell's third motion, because on February 24, 2021, Mr. Howell declined the vaccine on the basis that he had recently contracted and suffered from Covid-19. The government's argument is incorrect for three reasons, mainly because the government's arguments do not apply to Mr. Howell's situation.

First, Mr. Howell's Third Motion is not principally based on COVID-19. Rather, his motion, as supported by an expert medical declaration by Dr. Angiulli and medical records, is principally based on the fact that Mr. Howell has Stage 3 Chronic Kidney Disease and is not receiving adequate medical treatment. Mr. Howell's condition is worsening as reflected in the attached records. See Exhibit A (updated medical records). Mr. Howell has had a rash for four months. Medical staff attribute the rash to his kidney disease. Exhibit A at 1. He had abnormal lab results, which the medical staff attributed to his chronic kidney disease and high blood pressure. The notes recommend an "**urgent** nephrology consultation and nephrology ultrasound." Exhibit A at 1 (emphasis supplied). However, BOP medical staff have recommended a nephrology ultrasound for the last year and it has not yet been completed. The medical staff also recommended that he be considered for move to a

(handwritten margin notes: "Copy this Part" with arrows)

"higher level of care facility." Exhibit A at 1. BOP knew all of this information about Mr. Howell when they moved him from Raybrook to Danbury, yet, the BOP failed to designate Mr. Howell to an adequate level of care facility. Moreover, BOP has been recommending an ultrasound since last year and failed to do it. The Bureau of Prisons has failed to treat adequately, Mr. Howell's kidney condition and high blood pressure. That condition is serious, and it is getting worse. The inadequacy of treatment for Mr. Howell's medical conditions is the principal basis of Mr. Howell's third motion, and it is a contention that the government has not directly addressed in its pleadings.

Second, although Mr. Howell declined the vaccine on February 24, 2021, less than 60 days after being sick with COVID-19, he has not permanently refused the vaccine. Mr. Howell had a documented case of COVID-19 at the end of December with symptoms progressing at least into early January. All of those records were supplied by undersigned counsel as attachments to the Third Motion. According to our expert, Danbury failed to treat Mr. Howell's COVID-19 according to standard of care. See Exhibit B to the Third Motion (Angiulli Declaration). The government offers no scientific evidence for its contention that Mr. Howell is incorrect about the advice to wait 90 days before getting the COVID-19 vaccine. In fact, there is guidance on the CDC website stating that under certain circumstances, a person who contracts COVID-19 should not be vaccinated against COVID-19 within 90 days of contracting the disease. See https://www.cdc.gov/coronavirus/2019-ncov/vaccines/faq.html. Specifically, the CDC advises, "if a person was infected within the last 90 days, they may defer vaccination until after a 90-day period." See https://www.cdc.gov/vaccines/covid-19/hcp/faq.html. When offered the vaccine on February 24, Mr. Howell was within 90 days of having contracted the disease, and he is still within 90 days of having the disease. Mr. Howell's position was reasonable and consistent with the CDC guidance.



Third, although this motion is not principally about COVID-19 and the vaccine, it is nevertheless true that Mr. Howell remains at increased risk of another COVID infection due to his co-morbidities. It would be perfectly reasonable for Mr. Howell to distrust the BOP in light of how the BOP has treated him over the last year. Much has been written about why many inmates generally distrust the BOP and the BOP's administration of vaccines. See, e.g., https://www.themarshallproject.org/2021/03/01/we-asked-people-behind-bars-how-they-feel-about-getting vaccinated?utm_medium=email&utm_campaign=newsletter&utm_source=opening-statement&utm_term=newsletter-20210301-2379; see also Martinez-Brooks v. Easter, 20cv569 (MPS) (Declaration of Dr. Jamie Meyer) (Doc. #362-2). In Mr. Howell's case, however, we do not generalize. BOP's incompetence and failure to deal with Mr. Howell's medical issues specifically injured Mr. Howell. Under these facts, it is difficult to imagine anyone who would trust BOP's advice. Moreover, his position is consistent with CDC guidance, and none of the government's discussion of the vaccine has anything to do with Mr. Howell's principal complaint, which is that the BOP has failed to treat his chronic kidney disease adequately.

Respectfully submitted,

THE DEFENDANT,
Rufus Howell

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

N-16-3

FILED

2017 JUL 19 PM 1 01

U.S. DISTRICT COURT
NEW HAVEN, CT.

| UNITED STATES OF AMERICA | : | No. 3:17CR151-SRU |
| :--- | :--- | :--- |
| v. | : | VIOLATIONS: |
| RUFUS HOWELL | : | 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm by a Convicted Felon) |
| | : | 21 U.S.C. § 841(a) (Possession with Intent to Distribute a Controlled Substance) |
| | : | 18 U.S.C. § 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime) |
| | : | 18 U.S.C. § 853 (Criminal Forfeiture, Controlled Substances Offenses) |
| | : | 18 U.S.C. § 924(d) (Criminal Forfeiture, Firearms Offenses) |

J. Underhill
AUSA Leaming

*discovery*

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Unlawful Possession of a Firearm by a Convicted Felon)

1.  On or about June 21, 2017, in the District of Connecticut, defendant RUFUS HOWELL, having been convicted in the United States District Court for the District of Connecticut and Superior Court of the State of Connecticut of crimes punishable by imprisonment exceeding one year, that are:  a) Use of a Communications Facility to Facilitate a Drug Trafficking Felony, in violation of Title 21, United States Code, Section 843(b), on November 7, 2005; b) Sale

1

of Narcotics, in violation of Conn. Gen. Stat. § 21a-277(a), on June 23, 2005; c) Corrupt Organizations and Racketeering Activity, in violation of Conn. Gen. Stat. § 53-395, and Larceny in the Third Degree, in violation of Conn. Gen. Stat. § 53a-124, on July 23, 1999; d) Sale of Narcotics, in violation of Conn. Gen. Stat. § 21a-277(a), and Possession of Drugs Near a Prohibited Place, in violation of Conn. Gen. Stat. § 21a-278a(b), on July 23, 1999; e) Possession of Narcotics, in violation of Conn. Gen. Stat. § 21a-279, on July 23, 1999; f) Forgery in the Second Degree, in violation of Conn. Gen. Stat. § 53a-139, on January 27, 1999; and g) Sale of Narcotics, in violation of Conn. Gen. Stat. § 21a-277(a), on May 27, 1998, did knowingly possess in and affecting interstate commerce a firearm, to wit, (1) one Hi-Point, Model C9, 9 mm semi-automatic pistol, bearing serial number P1506183, which had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

## COUNT TWO
(Possession with Intent to Distribute Cocaine)

2. On or about June 21, 2017, in the District of Connecticut, defendant RUFUS HOWELL knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THREE
(Possession with Intent to Distribute Heroin)

3. On or about June 21, 2017, in the District of Connecticut, defendant RUFUS HOWELL knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

4.  On or about June 21, 2017, in the District of Connecticut, defendant RUFUS HOWELL did knowingly possess a firearm, namely, a Hi-Point, Model C9, 9 mm semi-automatic pistol, bearing serial number P1506183, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, that is, violations of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), as charged in Counts Two and Three of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## FORFEITURE ALLEGATION
(Controlled Substances Offense)

5.  Upon conviction of the controlled substance offenses alleged in Counts Two and Three of this Indictment, defendant RUFUS HOWELL shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Section 841, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these violation and a sum of money equal to the total amount of proceeds obtained as a result of the offense including, but not limited to, the following: a Hi-Point, Model C9, 9 mm semi-automatic pistol, bearing serial number P1506183.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant named in this Indictment: (a) cannot be located upon the exercise of due diligence; (b)

has been transferred or sold to, or disposed with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## FORFEITURE ALLEGATION
(Firearm Offenses)

6.      Upon conviction of the offenses alleged in Counts One and Four of this Indictment, defendant RUFUS HOWELL shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition, including but not limited to the following: (1) a Hi-Point, Model C9, 9 mm semi-

4

automatic pistol, bearing serial number P1506183.

All in accordance with Title 18, United States Code, Section 924, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON

UNITED STATES ATTORNEY

DEIRDRE M. DALY
UNITED STATES ATTORNEY

BRIAN P. LEAMING
ASSISTANT UNITED STATE ATTORNEY

5

Rufus Howell 16033-
FCI Danbury 33 1/2 Pembroke Rd
Danbury, CT 06811, US



Office of the clerk
United States District Court   U.S. Courthouse
915 Lafayette Blvd
Bridgeport, CT 06604