CC:

New York's Clerks Office

Honorable Judge Debra Ann Livingston

Catherine O'Hagan Wolfe

Sandra Slack Glover

Bridgeport's Clerk Office

Honorable Judge Underhill

US Court Appeal for Second Circuit

November 2021

To whom it may concern,

Re: Docket # 21-1509/DC Docket # 3:17-CR-151-1

The purpose of this letter is to explain two things; my 14th Amendment being violated, as well as ineffective council. On June 21, 2017, I was arrested and charged with 40 grams of powdered substance which was identified by the arresting officer as being cocaine. However after numerus occasions meaning, after I was arrested, while being questioned at the police station and when I was arrested for my federal criminal complaint; other charges include 14 grams of heroin and possession of a firearm which was a state charge in which I had posed $250,000 bond after sitting a week in county jail. Exactly a week after being released I was arrested again by the US Marshall for a criminal complaint.

In this Criminal Complaint it states again 40 grams of cocaine, 14 grams of heroin and possession of a firearm. Also the arresting officer/detective stated a field test was performed on the drugs in questions. On July 19, 2017 I was indicted on these charges that was brought upon me by the Grand Jury do to the statements brought against me. After being incarcerated from July 7, 2017 through January 12, 2018, I was release on federal bond. While on bond my attorney informed me that the 40 grams of cocaine was thrown out. Upon further information form the attorney, he states that 40 grams of powder was not cocaine but just simply a powdered substance with not detectable amount of cocaine what so ever. I was not aware or should I say not knowledge at the time to know that my 14th amendment had been violated.

When prosecution as well as the arresting officers brought to the Grand Jury 40 grams of cocaine as being one of my charges, they presented falsified statements to the Grand Jury, which is perjury, because by them stating a field test was performed on a powdered substance they found to cocaine that actually was not, heighten my charge, making my state case a federal care. Who's to say if this alleged 40 grams of powder that was brought to the table (Grand Jury) by the arresting officer or prosecution for that matter, I would have been indicted and just fighting my initial state case. It is my belief it would have likely produced a different outcome, not only for my state charge, but me being indicted altogether.

With this being said, I feel and believe that by my 14th amendment being violated by the arresting officer and prosecution, which if I must add is a continuing cycle by prosecution (please read and note Alina Reynolds, AUSA bong hearing December 21, 2017 page 18) when she stated she might have misspoken not once, but twice concerning "the facts of my case."

I humbly request immediate release and termination of some if not all of my supervised release. In conclusion to this letter, I know that this isn't the proper way of handling such an issue so if the court will assign me an appointed lawyer for my case I would greatly appreciate it.

Brady Violations and False Evidence…….

Sincerely,

Rufus A Howell   *Rufus Howell   R.H*

(Good Bless….)


Enclosed: Exhibit A and Indictment (Unites States of America vs Rufus Howell)

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT     FILED

N-16-3     2017 JUL 19  PM 1  01

U.S. DISTRICT COURT
NEW HAVEN, CT.

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : No. 3:17CR*51-SRU* |
| v. | : |
| | : VIOLATIONS: |
| | : |
| RUFUS HOWELL | : 18 U.S.C. § 922(g)(1) (Unlawful Possession |
| | : of a Firearm by a Convicted Felon) |
| | : |
| | : 21 U.S.C. § 841(a) (Possession with Intent to |
| | : Distribute a Controlled Substance) |
| | : |
| J. Underhill | : 18 U.S.C. § 924(c) (Possession of a Firearm |
| | : in Furtherance of a Drug Trafficking Crime) |
| AUSA Leaming | : |
| | : 18 U.S.C. § 853 (Criminal Forfeiture, |
| | : Controlled Substances Offenses) |
| | .: |
| | : 18 U.S.C. § 924(d) (Criminal Forfeiture, |
| | : Firearms Offenses) |

*discovery*

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Unlawful Possession of a Firearm by a Convicted Felon)

1.     On or about June 21, 2017, in the District of Connecticut, defendant RUFUS

HOWELL, having been convicted in the United States District Court for the District of

Connecticut and Superior Court of the State of Connecticut of crimes punishable by imprisonment

exceeding one year, that are:   a) Use of a Communications Facility to Facilitate a Drug Trafficking

Felony, in violation of Title 21, United States Code, Section 843(b), on November 7, 2005; b) Sale

1

of Narcotics, in violation of Conn. Gen. Stat. § 21a-277(a), on June 23, 2005; c) Corrupt

Organizations and Racketeering Activity, in violation of Conn. Gen. Stat. § 53-395, and Larceny

in the Third Degree, in violation of Conn. Gen. Stat. § 53a-124, on July 23, 1999; d) Sale of

Narcotics, in violation of Conn. Gen. Stat. § 21a-277(a), and Possession of Drugs Near a Prohibited

Place, in violation of Conn. Gen. Stat. § 21a-278a(b), on July 23, 1999; e) Possession of Narcotics,

in violation of Conn. Gen. Stat. § 21a-279, on July 23, 1999; f) Forgery in the Second Degree, in

violation of Conn. Gen. Stat. § 53a-139, on January 27, 1999; and g) Sale of Narcotics, in violation

of Conn. Gen. Stat. § 21a-277(a), on May 27, 1998, did knowingly possess in and affecting

interstate commerce a firearm, to wit, (1) one Hi-Point, Model C9, 9 mm semi-automatic pistol,

bearing serial number P1506183, which had been shipped and transported in interstate and foreign

commerce.

In violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

## COUNT TWO
(Possession with Intent to Distribute Cocaine)

2. On or about June 21, 2017, in the District of Connecticut, defendant RUFUS

HOWELL knowingly and intentionally possessed with intent to distribute a mixture and substance

containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THREE
(Possession with Intent to Distribute Heroin)

3. On or about June 21, 2017, in the District of Connecticut, defendant RUFUS

HOWELL knowingly and intentionally possessed with intent to distribute a mixture and substance

containing a detectable amount of heroin, a Schedule I controlled substance.

2

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT FOUR
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

4.       On or about June 21, 2017, in the District of Connecticut, defendant RUFUS

HOWELL did knowingly possess a firearm, namely, a Hi-Point, Model C9, 9 mm semi-automatic

pistol, bearing serial number P1506183, in furtherance of a drug trafficking crime for which he

may be prosecuted in a Court of the United States, that is, violations of Title 21, United States

Code, Sections 841(a)(1) and 841(b)(1)(C), as charged in Counts Two and Three of this

Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

### FORFEITURE ALLEGATION
(Controlled Substances Offense)

5.       Upon conviction of the controlled substance offenses alleged in Counts Two and

Three of this Indictment, defendant RUFUS HOWELL shall forfeit to the United States, pursuant

to Title 21, United States Code, Section 853, all right, title, and interest in any property

constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations

of Title 21, United States Code, Section 841, and any property used, or intended to be used, in any

manner or part, to commit, or to facilitate the commission of, these violation and a sum of money

equal to the total amount of proceeds obtained as a result of the offense including, but not limited

to, the following: a Hi-Point, Model C9, 9 mm semi-automatic pistol, bearing serial number

P1506183.

If any of the above-described forfeitable property, as a result of any act or omission of the

defendant named in this Indictment: (a) cannot be located upon the exercise of due diligence; (b)

3

has been transferred or sold to, or disposed with, a third person; (c) has been placed beyond the

jurisdiction of the United States District Court for the District of Connecticut; (d) has been

substantially diminished in value; or (e) has been commingled with other property which cannot

be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United

States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the

value of the above-described forfeitable property.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) of the

Federal Rules of Criminal Procedure.

<u>FORFEITURE ALLEGATION</u>
(Firearm Offenses)

6.        Upon conviction of the offenses alleged in Counts One and Four of this Indictment,

defendant RUFUS HOWELL shall forfeit to the United States, pursuant to Title 18, United States

Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and

ammunition, including but not limited to the following: (1) a Hi-Point, Model C9, 9 mm semi-

4

automatic pistol, bearing serial number P1506183.

All in accordance with Title 18, United States Code, Section 924, and Rule 32.2(a) of the

Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON

UNITED STATES ATTORNEY

DEIRDRE M. DALY
UNITED STATES ATTORNEY

BRIAN P. LEAMING
ASSISTANT UNITED STATE ATTORNEY

5

# EXHIBIT A

**(Filed Under Seal)**

Copy All And Send

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

          vs.

RUFUS HOWELL

    : CRIMINAL NO. 3:17-cr-00151(SRU)

    : March 12, 2021

**RESPONSE TO GOVERNMENT'S**
**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MR. HOWELL'S**
**THIRD MOTION FOR SENTENCE REDUCTION**



Copy
this
PARt

      Mr. Howell respectfully submits this response to the government's Supplemental Memorandum in Opposition to Defendant's Third Motion for Compassionate Release (Doc. # 138).

      The government argues that the Court should deny Mr. Howell's third motion, because on February 24, 2021, Mr. Howell declined the vaccine on the basis that he had recently contracted and suffered from Covid-19. The government's argument is incorrect for three reasons, mainly because the government's arguments do not apply to Mr. Howell's situation.

      First, Mr. Howell's Third Motion is not principally based on COVID-19. Rather, his motion, as supported by an expert medical declaration by Dr. Angiulli and medical records, is principally based on the fact that Mr. Howell has Stage 3 Chronic Kidney Disease and is not receiving adequate medical treatment. Mr. Howell's condition is worsening as reflected in the attached records. See Exhibit A (updated medical records). Mr. Howell has had a rash for four months. Medical staff attribute the rash to his kidney disease. Exhibit A at 1. He had abnormal lab results, which the medical staff attributed to his chronic kidney disease and high blood pressure. The notes recommend an "**urgent** nephrology consultation and nephrology ultrasound." Exhibit A at 1 (emphasis supplied). However, BOP medical staff have recommended a nephrology ultrasound for the last year and it has not yet been completed. The medical staff also recommended that he be considered for move to a

"higher level of care facility." Exhibit A at 1. BOP knew all of this information about Mr. Howell when they moved him from Raybrook to Danbury, yet, the BOP failed to designate Mr. Howell to an adequate level of care facility. Moreover, BOP has been recommending an ultrasound since last year and failed to do it. The Bureau of Prisons has failed to treat adequately, Mr. Howell's kidney condition and high blood pressure. That condition is serious, and it is getting worse. The inadequacy of treatment for Mr. Howell's medical conditions is the principal basis of Mr. Howell's third motion, and it is a contention that the government has not directly addressed in its pleadings.

Second, although Mr. Howell declined the vaccine on February 24, 2021, less than 60 days after being sick with COVID-19, he has not permanently refused the vaccine. Mr. Howell had a documented case of COVID-19 at the end of December with symptoms progressing at least into early January. All of those records were supplied by undersigned counsel as attachments to the Third Motion. According to our expert, Danbury failed to treat Mr. Howell's COVID-19 according to standard of care. See Exhibit B to the Third Motion (Angiulli Declaration). The government offers no scientific evidence for its contention that Mr. Howell is incorrect about the advice to wait 90 days before getting the COVID-19 vaccine. In fact, there is guidance on the CDC website stating that under certain circumstances, a person who contracts COVID-19 should not be vaccinated against COVID-19 within 90 days of contracting the disease. See https://www.cdc.gov/coronavirus/2019-ncov/vaccines/faq.html. Specifically, the CDC advises, "if a person was infected within the last 90 days, they may defer vaccination until after a 90-day period." See https://www.cdc.gov/vaccines/covid-19/hcp/faq.html. When offered the vaccine on February 24, Mr. Howell was within 90 days of having contracted the disease, and he is still within 90 days of having the disease. Mr. Howell's position was reasonable and consistent with the CDC guidance.

2



Third, although this motion is not principally about COVID-19 and the vaccine, it is nevertheless true that Mr. Howell remains at increased risk of another COVID infection due to his co-morbidities. It would be perfectly reasonable for Mr. Howell to distrust the BOP in light of how the BOP has treated him over the last year. Much has been written about why many inmates generally distrust the BOP and the BOP's administration of vaccines. See, e.g., https://www.themarshallproject.org/2021/03/01/we-asked-people-behind-bars-how-they-feel-about-getting vaccinated?utm_medium=email&utm_campaign=newsletter&utm_source=opening-statement&utm_term=newsletter-20210301-2379; see also Martinez-Brooks v. Easter, 20cv569 (MPS) (Declaration of Dr. Jamie Meyer) (Doc. #362-2). In Mr. Howell's case, however, we do not generalize. BOP's incompetence and failure to deal with Mr. Howell's medical issues specifically injured Mr. Howell. Under these facts, it is difficult to imagine anyone who would trust BOP's advice. Moreover, his position is consistent with CDC guidance, and none of the government's discussion of the vaccine has anything to do with Mr. Howell's principal complaint, which is that the BOP has failed to treat his chronic kidney disease adequately.

Respectfully submitted,

THE DEFENDANT,
Rufus Howell

Rufus Howell 16633-014
FCI Danbury 33 1/2 Pembroke Rd
Danbury, CT 06811, US



Office of the Clerk
United States District Court U.S. Courthouse
915 Lafayette Blvd
Bridgeport, CT 06604